UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARMANDO E. BERMUDEZ, SR.,

    Plaintiff,   No. 13-12980

v.   District Judge Nancy G. Edmunds
    Magistrate Judge R. Steven Whalen

SAGINAW POLICE DEPT., ET AL.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

On July 10, 2013, Plaintiff Armando E. Bermudez, Sr., filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging that on July 8, 2010, officers of the Saginaw Police Department subjected him to excessive force in violation of the Fourth Amendment. Before the Court is Defendants' Motion to Dismiss [Doc. #18], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

**I.   FACTS**

In his complaint, Mr. Bermudez alleges that at 2:30 a.m. on July 8, 2010, Saginaw Police Officers stopped him for a malfunctioning headlight. He did not stop immediately, but rather drove home, with "State Troopers and Saginaw Police on [his] tail." He alleges that after he was handcuffed, Officer Teneyuque and other officers kicked him in his head, ribs, chest, and legs. He alleges that Trooper Oster grabbed him by his ankles and dragged him 40 to 50 feet to a squad car. He alleges that other officers who were present failed to intervene. Plaintiff brings a claim of excessive force under the Fourth

Amendment.

Defendants move to dismiss under the statute of limitations.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the sufficiency of a complaint, the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555 (2007)). Second, the facts that are pled must show a "plausible" claim for relief. *Iqbal*, at 678-679.

## III. DISCUSSION

Defendants argue that Mr. Bermudez' complaint is time-barred. In a §1983 action, federal courts apply state personal injury statutes of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). For civil rights suits filed in Michigan under §1983, the statute of limitations is three years. *See* M.C.L. §600.5805(8); *Carroll v. Wilerson*, 782 F.2d 44, 45 (6th Cir. 1986).[1] The limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

---

[1] In Michigan, the limitation period for claims of assault, battery, or false imprisonment is two years. M.C.L. § 600.5805(2).

The alleged events giving rise to this complaint occurred on July 8, 2010. The statute of limitations ran on July 8, 2013. Mr. Bermudez filed his complaint on July 10, 2010, two days after the statute of limitations expired.

Of course, under the "'prison mailbox rule'. . . . a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley,* 526 F.3d 921, 925 (6th Cir. 2008)(citing *Richard v. Ray,* 290 F.3d 810, 812-813 (6th Cir. 2002)). In his reply [Doc. #21], Mr. Bermudez states that he "sent out" his complaint on July 2, 2013, which would be within the statute of limitations. *Plaintiff's Response*, ¶ 7.[2] Generally, "[a]bsent evidence to the contrary, a federal court will assume that a prisoner gave his petition to prison officials on the date he signed it for purposes of the AEDPA's one-year limitations period." *Boldiszar v. Prelesnik*, 2009 WL 1956931, *2 (E.D.Mich.. 2009)(Rosen, C.J.). In the present case, however, Mr. Bermudez did not date his complaint. Under these circumstances, his conclusory statement in his reply does not save him from the inference that the date of filing is the date that the Court received his complaint. *See Boldiszar, supra*; *Adams v. Dretke,* 2005 WL 910536 (N.D.Tex. 2005) (holding that where the record does not reflect when the petitioner submitted his undated petition to prison officials, the date of receipt by the court is considered the date of filing). In *Boldiszar*, Judge Rosen held:

> Petitioner, however, has not shown that he gave his petition to prison officials for mailing before the expiration of the one-year period. He submitted a signed—but undated—habeas petition to this Court and he has not presented any evidence to establish the date upon which he gave his

---

[2] Mr. Bermudez also argues that the statute of limitations for false arrest begins to run at the time of arraignment. However, his complaint [Doc. #1] is restricted to claims of excessive force, and does not contain a claim of false arrest. Moreover, because any such claim would call into question the validity of his conviction, it would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), absent a showing that the conviction has been set aside. Mr. Bermudez has not even made that allegation.

-3-

petition to prison officials for mailing in reply to Respondent's answer. Petitioner's conclusory allegation of timeliness under the prison mailbox rule is insufficient. *Id*. at *2.

Thus, Mr. Bermudez' complaint is time-barred. Nevertheless, the statute of limitations is not a jurisdictional prerequisite which absolutely bars review by this Court, but in extraordinary circumstances may be subject to the doctrine of equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). The Sixth Circuit noted that this doctrine should be used "sparingly," and that "[a]bsent a satisfactory explanation for his failure to timely file," a habeas petitioner (or a civil plaintiff) would not be entitled to its benefit. *Id*., at 1008-1009. The burden is on the plaintiff to show entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In *Dunlap*, the Sixth Circuit adopted the five-part test of *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), to determine if equitable tolling is appropriate. The five factors to be balanced are: (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Mr. Bermudez does not claim that he lacked notice or was ignorant of the statute of limitations, or that he lacked constructive knowledge of the filing requirement. Rather, he asks the Court to give him leeway "as I am currently incarcerated and can not accomplish the things that need to be accomplished because my movement and needs are limited." *Plaintiff's Reply* [Doc. #21], ¶ 7. Neither ignorance of the law, lack of academic and legal education, nor unavailability of professional legal assistance is sufficient cause to invoke the doctrine of equitable tolling. *Smith v. Smith*, 2003 WL 1867807, at *4 (E.D. Mich. 2003)(Roberts, J.), citing *Turner v. Smith*, 70 F.Supp.2d 785,

787 (E.D. Mich. 1999), *Moore v. Hawley*, 7 F.Supp.2d 901, 904 (E.D. Mich. 1998), and *Henderson v. Johnson*, 1 F.Supp.2d 650, 656 (N.D. Tex. 1998). Nor is the denial of access to legal materials an exceptional circumstance warranting equitable tolling. *Grayson v. Grayson*, 185 F.Supp.2d 747, 751 (E.D. Mich. 2002); *Jones v. Gundy*, 100 F.Supp.2d 485, 488 (W.D. Mich. 2000) ("The right of access to the courts has never been equated with the access of legal materials at the prison library"); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (insufficient for an inmate to allege that the prison "lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"); *United States ex. rel. Ford v. Page*, 132 F. Supp.2d 1112, 1115-16 (N.D. Ill. 2001) (ignorance of the law and not having access to prison law library are "run of the mill" excuses which do not rise to the level of "extraordinary circumstances" which would justify equitable tolling); *Burnett v. Birkett*, 2002 WL 31748843, at *6 (E.D. Mich. 2002)(Lawson, J.) ("The fact that the petitioner did not have access to the prison law library would not justify the equitable tolling of the statute of limitations").[3]

Moreover, Mr. Bermudez has not shown diligence in pursuing his rights. He had three years to prepare and file his complaint, and his failure to do so until the very end of the limitations period demonstrates a fatal lack of diligence. *See Godek v. Grayson*, 2001 WL 739507, at *3 (E.D. Mich. 2001)(Cohn, J.)(citing numerous cases for the proposition that "[a]n essential element of the doctrine of equitable tolling is a petitioner's diligent pursuit of federal habeas relief").

In short, Mr. Bermudez has not met his substantial burden of showing entitlement to the equitable tolling of the statute of limitations. His complaint should therefore be

---

[3] I note that Mr. Bermudez' complaint is replete with numerous citations to case law in support of his claim of excessive force. It does not appear that lack of access to legal materials was a problem for him.

dismissed.

## IV.   CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss [Doc. #18] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: July 14, 2014

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 14, 2014, electronically and/or by U.S. mail.

                                                 s/Carolyn M. Ciesla
                                                 Case Manager to the
                                                 Honorable R. Steven Whalen